## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:25-cv-00834

HESHAM DHOW and
KARIMA SHEBANI,

Plaintiffs,

v.

KRISTI NOEM,
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
TED H. KIM,
USCIS HOUSTON ASYLUM OFFICE,
and BRIAN HEMMING.

Defendants.

---

## COMPLAINT AND ACTION IN MANDAMUS FOR
## DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs HESHAM DHOW and KARIMA SHEBANI allege:

## I.    INTRODUCTION

1.  This civil action seeks judicial review of arbitrary and capricious delay in Plaintiffs' I-589 Application for Asylum and for Withholding of Removal ("I-589 asylum application") filed with Defendant USCIS on April 24, 2017. Plaintiffs' I-589 asylum application was assigned USCIS receipt numbers ZHN1700059940 and ZHN1700059950. See Exh. A and B.

2.  Under the Administrative Procedure Act ("APA"), federal agencies must, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." See 5 U.S.C.§555(b). Courts are empowered by the APA to "compel agency action unlawfully withheld or unreasonably delayed." Id.

3. This action seeks an order from this Court finding that Defendants have arbitrarily, unlawfully, and unreasonably delayed scheduling Plaintiffs' asylum interview and adjudicating Plaintiffs' I-589 application. *Id.*

4. Plaintiffs also seeks an order from this Court compelling Defendants to schedule Plaintiffs' I-589 asylum interview within 30 days of the Court's order pursuant to 5 U.S.C.§555(b).

5. If this Court does not see fit to issue an order pursuant to 5 U.S.C.§555(b), Plaintiffs asks the Court to issue a Writ of Mandamus, ordering the Defendants to schedule Plaintiffs' asylum interview and adjudicate Plaintiffs' I-589 asylum application within 30 days of the Court's order.

6. Plaintiffs are entitled to attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq.*

## II.    JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the claims alleged in this action under: 28 U.S.C. §1331 (federal question jurisdiction) because Plaintiffs' claims arise under the laws of the United States, including 5 U.S.C. §§ 555 and 701, *et seq.* (Administrative Procedure Act or "APA"), and 8 U.S.C. § 1101, *et seq.* (Immigration and Nationality Act or "INA") (including 8 U.S.C. § 1255), and 28 U.S.C. §§1361 (Writ of Mandamus) and 1651 ("All Writs Act"), as Plaintiffs ask this Court to find that USCIS's processing of their asylum application is unreasonable, unlawful, and in violation of the APA.

8. Under 28 U.S.C. §1391(e)(l)(c), venue is proper in the United States District Court for the District of Colorado because Plaintiffs reside in the District of Colorado and have resided in the District of Colorado since the filing of the subject asylum

application on April 24, 2017. *Id*.

### III.    PARTIES

9.  Plaintiff HESHAM DHOW is an adult who is lawfully present in the United States. He resides in Denver, Colorado.

10. Plaintiff KARIMA SHEBANI is an adult who is lawfully present in the United States. She resides in Denver, Colorado.

11. Plaintiffs filed a Form I-589 application for asylum with Defendant USCIS on April 24, 2017. *See* Exh. A and B.

12. Defendant KRISTI NOEM is being sued in her official capacity as the Secretary of the U.S. Department of Homeland Security ("DHS"), the agency charged with overseeing U.S. Citizenship and Immigration Services responsible for domestic immigration and naturalization processes.

13. Defendant U.S. Citizenship and Immigration Services ("USCIS") is a component sub-agency of DHS and is charged with, *inter alia*, adjudicating Form I-589 asylum applications. USCIS has a duty to fairly adjudicate Plaintiffs' I-589 asylum application.

14. Defendant TED H. KIM is being sued in his official capacity as the Director of the Refugee, Asylum and International Operations Directorate (RAIO) at USCIS.

15. Defendant USCIS HOUSTON ASYLUM OFFICE is the regional office of USCIS responsible for the scheduling of interviews for asylum applicants residing in Colorado and for the adjudication of Plaintiffs' I-589 asylum applications.

16. Defendant BRIAN HEMMING is being sued in his official capacity as the Director of the USCIS Houston Asylum Office. This USCIS Office is responsible for the adjudication of Plaintiffs' I-589 asylum applications.

## IV. STATEMENT OF FACTS

17. Plaintiffs filed a Form I-589 asylum application with USCIS on April 24, 2017.

18. Plaintiffs' I-589 application was assigned receipt numbers ZHN1700059940 and ZHN1700059950.

19. In May 2017, Plaintiffs had their biometrics appointment and provided fingerprints to USCIS at the USCIS Application Support Center facility in Aurora, Colorado. *Id*.

20. Plaintiffs' I-589 asylum application has been pending for over 94 months as of the date of filing of this Complaint, nearly eight years.

## IV.    CLAIM FOR RELIEF

## Count I

## APA Violation by DHS/USCIS of 5 U.S.C. 555(b), et seq.

21. Plaintiffs incorporate by reference all paragraphs above as if fully set forth herein.

22. The Administrative Procedure Act ("APA") requires that "within a reasonable amount of time, each [federal agency] shall proceed to conclude a matter presented to it." *See* 5 U.S.C. §555(b).

23. The APA further states that U.S. District Courts shall "compel agency action unlawfully withheld or unreasonably delayed." *See* 5 U.S.C. §706(1).

24. Pursuant to the APA, a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. §702. Agency action includes a failure to act. *See* 5 U.S.C. §551(13).

25. Under the APA, Defendant USCIS has a mandatory, non-discretionary duty to schedule an asylum interview for, and complete the adjudication of, Plaintiffs' I-589 asylum application, and to do so within a reasonable time.

26. Under the INA and DHS and USCIS regulations, DHS, through its sub-agency USCIS, has a mandatory, non-discretionary duty to schedule an asylum interview for, and complete the adjudication of, Plaintiffs' I-589 asylum application. *See* 8 C.F.R. §103.2(b)(19) (requiring a written decision on petitions and applications).

27. Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the scheduling of their asylum interview and adjudication of their I-589 asylum application, not the grant or denial of this filing.

28. Defendants have a nondiscretionary duty to process immigration applications. *Lin v. Chertoff,* 522 F. Supp. 2d 1309 (D. Colo. 2007). "When an administrative official has failed to discharge a duty which Congress intended him to perform, the court **should** compel performance, thus effectuating the congressional purpose." *Id*. at 1318 (internal quotations and citations omitted).

29. The APA requires that federal agencies conclude a matter presented to it "within a reasonable time." 5 U.S.C. §555(b).

30. In order to determine what constitutes a reasonable time, Courts should look to the following factors: (1) whether the time an agency takes to render a decision is governed by the rule of law; (2) where Congress provided a timetable or other indication of the speed in which it expects an agency to act, then the enabling statute and statutory scheme may supply content for this "rule of reason"; (3) delays in the realm of economic regulation are less tolerable when human health and welfare are at stake; (4) consideration of the effect of expediting delayed action on agency actions of higher or competing priority; (5) the nature and extent of the interests prejudiced by the delay; and (6) the impropriety of agency lassitude is not required to find that agency action has been unreasonably delayed. *See Telecomms. Research & Action Center v. FCC*, 759 F.2d 70, 80 (D.C. Cir. 1984)

("TRAC factors").

31. In passing the Immigration Services and Infrastructure Improvements Act of 2000, 8 U.S.C. §1571, Congress stated that, "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the filing of the application" (emphasis added).

32. Congress has also set statutory deadlines for the handling of asylum requests in 8 U.S.C. 1158. Absent "exceptional circumstances," the initial asylum interview or hearing on asylum application "shall commence not later than 45 days after the date an application is filed." 8 U.S.C. 1158(d)(5)(A)(ii). Final administrative adjudication of an asylum application "shall be completed within 180 days after the date an application is filed," again, only absent "exceptional circumstances." 8 U.S.C. 1158(d)(5)(A)(iii).

33. There is a "'low threshold' for establishing an injury in fact." *See Amadei v. Nielsen*, 348 F. Supp. 3d 145, 157 (E.D.N.Y. 2018) (quoting *Ross v. Bank of Am., N.A. (USA)*, 524 F.3d 217, 222 (2d Cir. 2008)). District courts in the Second Circuit has held that an injury-in-fact "may simply be the fear or anxiety of future harm." *Id*. at 158 (internal quotations omitted); *see also Lupia v. Medicredit,* 8 F.4th 1184, 1191 (10th Cir. 2021) (where plaintiff disputed ownership and amount of debt, allegation that defendant made one allegedly harassing telephone call was sufficient to establish Article III standing because "that phone call poses the same kind of harm recognized at common law—an unwanted intrusion into a plaintiff's peace and quiet").

34. Plaintiffs' I-589 asylum application has been pending since April 24, 2017, two thousand eight hundred and eighty-one (2,881) days as of the date of filing of this complaint.

35. An injury-in-fact to Plaintiffs already exists because Plaintiffs face uncertainty about how long they have to wait and whether they will ever get an interview. The fact that Plaintiffs have already been waiting over seven years for an interview since submission of their I-589 asylum application demonstrates that their fears of a long wait are real.

36. Applying the TRAC factors to this case, there is no doubt that the Defendants' delay here is unreasonable.

37. The government has exceeded the 45-day statutory deadline for asylum requests in 8 U.S.C. 1158(d)(5)(A)(ii) by over 64 times as of the date of this filing. The government has exceeded the 180-day deadline as intended by Congress for the adjudication of asylum cases by over 16 times as of the date of this filing. This is unreasonable. *See, e.g., Lin v. Chertoff*, *supra* at 1318 (finding that a three-month delay was not unreasonable).

38. Courts have pointed out that the mere fact that a government agency's delay in doing its work is "not unusual" does not make that delay reasonable. *See Jefrey v. INS*, 710 F. Supp. 486, 488 (S.D.N.Y. 1989).

39. Plaintiffs have no administrative remedies to resolve this delay.

40. Defendants' unreasonable and unlawful delays in scheduling Plaintiffs' asylum interview and completing the adjudication of Plaintiffs' I-589 asylum application have caused, and will continue to cause, Plaintiffs and their family ongoing and substantial injuries. *See* Exh. C and D.

## Count II

## Mandamus Action to Compel Federal Officers to Perform their Duties

41. Plaintiffs incorporate by reference all paragraphs above as if fully set forth herein.

42. Plaintiffs assert claims for mandamus relief under 28 U.S.C. §§1361 and 1651,

which provide the authority for this Court to compel federal agencies to perform duties owed to a moving party.

43. Defendant DHS, through its sub-agency USCIS, has mandatory, non-discretionary duties to schedule Plaintiffs' asylum interview and adjudicate Plaintiffs' I-589 asylum application. *See* 8 C.F.R. §103.2(b)(19) (requiring a written decision on petitions and applications).

44. Defendant USCIS has a mandatory, ministerial, non-discretionary duty to schedule Plaintiffs' asylum interview and complete the adjudication of Plaintiffs' I-589 asylum application within a reasonable time.

45. Plaintiffs challenge only the reasonableness of Defendants' delays or inaction in the scheduling of their asylum interview and adjudication of their I-589 asylum application, not the grant or denial of this filing.

46. Plaintiffs have no other adequate remedy to compel Defendants to perform their duties.

47. Plaintiffs ask the Court to compel Defendants to perform their duties and complete the background checks for the adjudication of Plaintiffs' I-589 asylum application.

48. Defendants' unreasonable and unlawful delays in completing the background checks, scheduling the interview, and adjudicating Plaintiffs' I-589 asylum application have caused, and will continue to cause, Plaintiffs and their family ongoing and substantial injuries. *See* Exh. C and D.

## V.   INJURIES TO PLAINTIFFS

49. Defendants' unreasonable delays in scheduling the interview for Plaintiffs' I-589 asylum application and adjudicating Plaintiffs' I-589 asylum application have caused, and will continue to cause, Plaintiffs and their family substantial harm.

50. Plaintiffs are unable to obtain asylee status while Defendants continue to delay the adjudication of Plaintiffs' I-589 asylum application.

51. Plaintiffs are each required to pay $470 in USCIS filing fees for renewal of their temporary work permits through the pendency of the I-589 asylum application adjudication process.

52. Plaintiffs face the inability to travel outside the United States while their case is pending, making it impossible for Plaintiffs to visit family members who reside in other countries.

53. Plaintiffs and their three U.S. citizen children remain in a state of uncertainty about their lives and future while the case is pending.


## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court to:

1) Declare that Defendants' delays in scheduling the interview for Plaintiffs' I-589 asylum application and adjudicating of Plaintiffs' I-589 asylum application are unreasonable and in violation of the APA and the INA;

2) Compel Defendants to perform their duty to complete any background checks for Plaintiffs' I-589 asylum application, to schedule an interview on Plaintiffs' I-589 asylum application, and to adjudicate Plaintiffs' I-589 asylum application within thirty (30) days of an Order of this Court;

3) Grant attorney's fees, expenses, and costs of court to Plaintiffs, pursuant to the EAJA; and

4) Grant such other relief as this Court deems necessary and proper.


Respectfully submitted,

/s/ Joseph Alain Moro
Joseph Alain Moro
Colo. Bar No. 48740
Moro Legal, LLC
13918 E. Mississippi Ave.
Ste. 60052
Aurora, CO 80012
(303) 586-1955
joseph@morolegal.com

Dated: March 14, 2025          *Counsel for Plaintiffs*